The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BAROVIC V. BALLMER, ET AL.<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No: 2:14-cv-00540-JCC<br><br>(Consolidated with Case No. 2:14-cv-00586-JCC)<br><br>**NOMINAL DEFENDANT MICROSOFT CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>NOTED ON MOTION CALENDAR: OCTOBER 31, 2014 |

NOMINAL DEFENDANT MICROSOFT'S REPLY IN
SUPPORT OF MOTION TO DISMISS
LEAD CASE NO: 2:14-CV-00540-JCC

**Orrick, Herrington & Sutcliffe LLP**
701 Fifth Avenue, Suite 5600
Seattle, WA  98104
Tel:  206-839-4300

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 2

    A. Plaintiffs Acknowledge Their Heavy Burden to Plead Particularized Facts Showing That the Investigation Was a Sham or Pretext. ......................... 2

    B. Plaintiffs' Conclusory Allegations Contradict the Facts They Incorporate by Reference in Their Own Complaint. ........................................... 3

    C. Plaintiffs Allege No Particularized Facts Showing That Almunia Was "Most Knowledgeable," Possessed Unique Information, or Could Have Granted an Interview Under EC Regulations. ....................................... 5

    D. Microsoft Never "Admitted" That Its Directors and Officers Breached Their Fiduciary Duties. ............................................................................ 7

    E. Plaintiffs Make No Showing That a Suit Is in Microsoft's Best Interests ......... 8

III. CONCLUSION .................................................................................................................... 9

NOMINAL DEFENDANT MICROSOFT'S REPLY IN
SUPPORT OF MOTION TO DISMISS
LEAD CASE NO: 2:14-CV-00540-JCC

- i -

**Orrick, Herrington & Sutcliffe LLP**
701 Fifth Avenue, Suite 5600
Seattle, WA  98104
Tel: 206-839-4300

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aronson v. Lewis*,
    473 A.2d 805 (Del. 1984)......................................................................................................5

*Baron v. Siff*,
    No. 15152, 1997 WL 666973 (Del. Ch. Oct. 17, 1997) .........................................................4

*Boeing Co. v. Shrontz*,
    C.A. No. 11273, 1994 WL 30542 (Del. Ch. Jan. 19, 1994)...................................................4

*City of Orlando Police Pension Fund v. Page*,
    970 F. Supp. 2d 1022 (N.D. Cal. 2013) .................................................................5, 6, 7, 8

*Copeland v. Lane*,
    No. 5:11 cv 1058 EJD, 2012 WL 4845636 (N.D. Cal. Oct. 10, 2012) .................................6

*FLI Deep Marine LLC v. McKim*,
    No. 4138, 2009 WL 1204363 (Del. Ch. Apr. 21, 2009) ........................................................5

*Grimes v. Donald*,
    673 A.2d 1207 (Del. 1996).....................................................................................................2

*Haberman v. Wash. Pub. Power Supply Sys.*,
    109 Wn.2d 107 (1987) ............................................................................................................2

*Mount Moriah Cemetery ex rel. Dun and Bradstreet Corp. v. Moritz*,
    Civ.A. No. 11431, 1991 WL 50149 (Del. Ch. Apr. 4, 1991).................................................5

*Schneider v. Cal. Dep't of Corrections*,
    151 F.3d 1194 (9th Cir. 1998)................................................................................................6

*In re Silicon Graphics Inc. Sec. Litig.*,
    183 F.3d 970 (9th Cir. 1999)..................................................................................................9

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001)..................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)................................................................................................................6, 9

Fed. R. Civ. P. 23.1 ..........................................................................................................................9

NOMINAL DEFENDANT MICROSOFT'S REPLY IN
SUPPORT OF MOTION TO DISMISS
LEAD CASE NO: 2:14-CV-00540-JCC

- ii -

**Orrick, Herrington & Sutcliffe LLP**
701 Fifth Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-839-4300

## I. INTRODUCTION

Plaintiffs' opposition brief ignores Microsoft's legal arguments.[1] Plaintiffs accept that the Court's analysis should focus on the conduct of the Microsoft Board's investigation. Plaintiffs also acknowledge that they bear the burden of plausibly showing, by pleading *particularized* facts, that the investigation was a pretext or sham undertaken in bad faith. Plaintiffs make three arguments to try to meet this burden, but they all fail.

- *First*, Plaintiffs contend the DRC failed to interview the "most knowledgeable" person about their claims—the European Commissioner in charge of competition, Joaquín Almunia. Opp. at 4-5, 6, 12. Plaintiffs ignore the fact that the EC had already stated its findings in its publicly available report—which Mr. Almunia himself signed. With the EC Decision in hand, the Board had no need, let alone the ability or duty, to interview Mr. Almunia.

- *Second*, Plaintiffs claim the Board failed to "create any record of the DRC's investigation," or "provide any substantive justification" for its demand refusal. Opp. at 17. Plaintiffs, however, incorporate the "records" of the investigation in their own Complaint, and they show: (1) the Board's extensive investigation, and (2) its reasons for rejecting Plaintiffs' demand. *Id.* These records refute Plaintiffs' conclusory assertions.

- *Third*, Plaintiffs argue that the Board's demand refusal was obviously in bad faith because Microsoft previously "admitted" director and officer culpability when it "accepted full responsibility" for the "technical error." Opp. at 4, 9, 21-22. Plaintiffs misconstrue the plain meaning of the corporation's statement. It did not "admit" breaches of fiduciary duties.

Lacking substance or support for any of these assertions, Plaintiffs nonetheless repeat them for 22 pages, adding ever more strident adverbs—*e.g.*, "incredibly," "astoundingly" and "blatantly." Repetition and adverbs are no substitute for particularized facts. Microsoft's motion should be granted; the Complaint should be dismissed with prejudice.

---

[1] In this brief, Microsoft Corporation addresses only those arguments raised in Plaintiffs' Combined Opposition Brief, DKT. 28 ("Opp.") that respond to Nominal Defendant Microsoft Corporation's Motion to Dismiss Complaint, DKT. 19 ("Motion"). Other capitalized terms used herein are defined in the Motion.

NOMINAL DEFENDANT MICROSOFT'S REPLY IN
SUPPORT OF MOTION TO DISMISS
LEAD CASE NO: 2:14-CV-00540-JCC

**Orrick, Herrington & Sutcliffe LLP**
701 Fifth Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-839-4300

## II. ARGUMENT

### A. Plaintiffs Acknowledge Their Heavy Burden to Plead Particularized Facts Showing That the Investigation Was a Sham or Pretext.

Plaintiffs do not dispute the applicable legal standards. Motion at 9-11. They agree, therefore, that a corporation's board of directors has the authority to decide whether to bring a lawsuit on behalf of the corporation, and that derivative claims in which a shareholder attempts to wrest control over this decision away from the board, "are disfavored and may be brought only in exceptional circumstances." Opp. at 15, see also Motion at 9, 11 (citing *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d 107, 147 (1987)). Where, as here, a board has already decided that pursuing claims will not serve the corporation's best interests, Plaintiffs agree that a shareholder cannot pursue claims on the company's behalf in derivative litigation unless the shareholder satisfies a heavy burden. Opp. at 15. Specifically, the shareholder must plead particularized facts that raise a reasonable doubt that the board failed to conduct a reasonable investigation or that its decision-making process was not undertaken in good faith. *Id.* (citing *Grimes v. Donald*, 673 A.2d 1207, 1207 (Del. 1996)).[2]

To overcome business judgment protection, Plaintiffs concede that they must show the investigation was "so restricted in scope, so shallow in execution, or otherwise so *pro forma* or half-hearted as to constitute a pretext or sham." Opp. at 17 (citations omitted). They also admit there is "no prescribed procedure" a board must follow, that the investigation need not be "perfect," and that it need only constitute an "earnest attempt." Opp. at 16-17. While Plaintiffs acknowledge their heavy burden, they fail to meet it. As shown below, the documents Plaintiffs incorporate by reference reflect a substantial investigation that was anything but a pretext or sham.

---

[2] Plaintiffs attempt to add gloss to this standard, suggesting that the board must "inspire confidence in the stockholder who made the demand." Opp. at 2. Plaintiffs cite no authority for this airy concept as a standard of decision, and the lack of any authority should not come as a surprise. The adequacy of a board's investigation cannot turn on the purported lack of confidence of a single stockholder. Stockholder "confidence" in directors is expressed through majority votes for their election, conducted according to the corporate articles and bylaws.

NOMINAL DEFENDANT MICROSOFT CORPORATION'S
MOTION TO DISMISS
LEAD CASE NO: 2:14-CV-00540-JCC

- 2 -

Orrick, Herrington & Sutcliffe LLP
701 Fifth Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-839-4300

### B. Plaintiffs' Conclusory Allegations Contradict the Facts They Incorporate by Reference in Their Own Complaint.

The documents Plaintiffs themselves incorporate by reference in their Complaint amply demonstrate both the reasonableness of the Board's investigations and the reasons it rejected Plaintiffs' demands. This "record of the investigation" comes from two sources: (1) correspondence between the DRC and counsel for Plaintiffs and (2) the EC Decision. Compl. Exs. A-E, Dunne Decl. (DKT. 20) Ex. A. These documents are properly incorporated by reference for purposes of the Court's decision, and Plaintiffs provide no basis for challenging their accuracy.[3] As a result, the record of the investigation is not in dispute here.

In moving to dismiss, Microsoft drew from this record to lay out the nature and extent of the Board's investigation, which involved, among other things, considering the facts obtained from interviews of 36 company employees and the review of more than 10,000 documents with the aid of two respected law firms. Motion at 6-8, 13 (citing Compl. Ex. B). The investigation was reasonable on its face, and Plaintiffs allege no particularized facts raising reasonable doubts as to the Board's good faith or whether the investigation was a pretext or sham. Instead, Plaintiffs simply assert: "it is apparent that the Board and the DRC made no real effort to inform themselves of all material information reasonably available to it." Opp. at 17. Plaintiffs further justify their failure to plead particularized facts by arguing that the Board "failed to provide any substantive justification for the [demand] [r]efusals or create any record of the … investigation." Opp. at 17. The Court may reject these conclusory assertions. They fail to meet the particularity requirement and contradict the specific facts properly before the Court in the undisputed record. *See, e.g.*, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (rejecting conclusory allegations contradicted by specific facts in the pleadings).

Plaintiffs' assertion that the Board failed to provide "any substantive justification" for its decision, in particular, rings hollow. Plaintiffs twice attached to their Complaint, and

---

[3] Microsoft requested judicial notice of the EC Decision, Motion at 5 n. 3, and Plaintiffs did not oppose the request.

NOMINAL DEFENDANT MICROSOFT CORPORATION'S
MOTION TO DISMISS
LEAD CASE NO: 2:14-CV-00540-JCC

- 3 -

Orrick, Herrington & Sutcliffe LLP
701 Fifth Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-839-4300

incorporated by reference, the Board's Resolution denying their demands. Compl. Exs. B & E (the Resolution is an exhibit to the demand denial letters sent to each Plaintiff). They also attached the resolutions to their opposition brief, twice. Opp. Exs. C & E (same). The Resolution explained the scope of the investigation and the Board's decision as to why a legal action was not in the Company's best interests. Specifically, the Resolution states:

> [T]he allegations contained in the Demand Letters do not give rise to legally viable claims against any of the Company's current or former officers or directors, that the Company would not succeed in recovering damages from any of the individuals named in the Demand Letters or from any other individuals, that the Company would not receive any meaningful non-monetary benefits as a result of pursuing claims based on the allegations contained in the Demand Letters, that the Company undertook and adopted significant remedial measures before it received any of the Demand Letters, and that pursuing litigation based on the Demand Letters would result in substantial expense to the Company.

Compl. Ex. B at 3. Microsoft recited these reasons again in its motion. Motion at 6-8, 13. In proclaiming that the Board "provided literally no support for why it refused the claims in the demands," Opp. at 17, Plaintiffs pretend the Resolution does not exist.[4] (For ease of the Court's reference, Microsoft has attached a copy of the Resolution as Exhibit A to this Reply.)

Plaintiffs' argument that the Board failed to issue a "written report" of the DRC's investigation also fails. Plaintiffs cite no authorities that a board is required to provide a "written report" of its investigation, and no such requirement exists. *See Boeing Co. v. Shrontz,* C.A. No. 11273, 1994 WL 30542 at *12 (Del. Ch. Jan. 19, 1994) (holding board's failure to provide report to derivative plaintiff was not evidence of wrongful refusal of a demand); *Baron v. Siff*, No. 15152, 1997 WL 666973 at * 3 (Del. Ch. Oct. 17, 1997) (rejecting plaintiff's argument that conclusory demand rejection letter supported finding of unreasonable investigation). In any event, the Resolution provides a full description of the Board's investigation and the basis for its decision.

---

[4] Because they do not acknowledge the Board's explanations, Plaintiffs also do not dispute the Board's reasoning. *See* Subsection E below.

NOMINAL DEFENDANT MICROSOFT CORPORATION'S
MOTION TO DISMISS
LEAD CASE NO: 2:14-CV-00540-JCC

- 4 -

Orrick, Herrington & Sutcliffe LLP
701 Fifth Avenue, Suite 5600
Seattle, WA 98104
TEL: 206-839-4300

### C. Plaintiffs Allege No Particularized Facts Showing That Almunia Was "Most Knowledgeable," Possessed Unique Information, or Could Have Granted an Interview Under EC Regulations.

Having completely disregarded the information they actually *received* about the Board's extensive investigation, Plaintiffs ultimately cling to a single alleged deficiency. They claim the DRC did not interview EC Commissioner Almunia, whom they argue would have been the person "most knowledgeable" about Plaintiffs' claims. This argument fails on both the facts and the law.

Plaintiffs acknowledge that a board of directors has the discretion to choose whom it interviews when conducting an investigation into allegations raised in a shareholder demand. Opp. at 20.[5] *See also FLI Deep Marine LLC v. McKim*, No. 4138, 2009 WL 1204363, at *4 (Del. Ch. Apr. 21, 2009) ("To allow Plaintiffs the ability to dictate the manner in which the Board, or its special committee, investigates their allegations would 'be an unwarranted intrusion' upon the authority our law confers on a board of directors to manage the business and affairs of the corporation"). Yet Plaintiffs rely on *City of Orlando Police Pension Fund v. Page*, 970 F. Supp.2d 1022 (N.D. Cal. 2013) (referred to by Plaintiffs as "*Google*"), to argue otherwise. Opp. at 19-20. *Page* does not support their arguments.

In *Page*, the derivative shareholder raised a reasonable doubt whether the Google board should have interviewed a Department of Justice investigator. The shareholder pled particularized facts showing that the DOJ investigation uncovered unique documents plausibly showing that the director defendants knew of, but did not correct, Google's wrongful conduct. By contrast, here, Plaintiffs say nothing about the EC's investigation—*i.e.* who conducted it, what documents they reviewed, or what witnesses they interviewed. They do not claim the EC found evidence or made findings inconsistent with the investigation performed by Microsoft's outside counsel, Dechert LLP (which the EC cited as a source for its findings throughout its

---

[5] *See also* Opp. at 18 (citing *Mount Moriah Cemetery ex rel. Dun and Bradstreet Corp. v. Moritz*, Civ.A. No. 11431, 1991 WL 50149 at * 3-4 (Del. Ch. Apr. 4, 1991) (allegation that no "whistle blower" was interviewed did not show gross negligence by board in rejecting demand)); *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984) (standard of gross negligence applies to directors in informing themselves prior to making a business decision).

NOMINAL DEFENDANT MICROSOFT CORPORATION'S
MOTION TO DISMISS
LEAD CASE NO: 2:14-CV-00540-JCC

- 5 -

Orrick, Herrington & Sutcliffe LLP
701 Fifth Avenue, Suite 5600
Seattle, WA 98104
TEL: 206-839-4300

Decision).[6] In fact, the EC made special mention in its report of the thoroughness of Microsoft's corporate investigation and its cooperation with the EC.[7]

Plaintiffs argue nonetheless that Mr. Almunia should have been interviewed because he is the "most knowledgeable" person. Opp. at 4-5, 6, 12. Their Complaint makes no factual allegations about his knowledge and fails to allege, even in conclusory terms, that he is "most knowledgeable." Plaintiffs also argue that "witnesses [from the EC] could potentially contradict Defendants' claims of innocence." Opp. at 18. This raw speculation cannot be reconciled with the findings in the EC Report. Assertions plucked from the air—and not alleged in the Complaint—"are irrelevant for Rule 12(b)(6) purposes." *Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("court may not look beyond the complaint to a plaintiff's moving papers").[8]

Put simply, the EC has already "spoken" through the publicly available EC Decision containing its findings and conclusions. There was, and is, no reason to interview Mr. Almunia, who signed the EC Decision personally. Dunne Decl. Ex. A at 17. Plaintiffs do not mention the EC Decision in their Opposition and point to no "contradictory" EC findings. They choose instead to pretend the Decision does not exist. That is understandable. The EC Decision reaches the same conclusion reached by the Board—*i.e.*, that the "technical malfunctions as well as communication problems" that caused the BCS error were a result of simple negligence. *Id.* ¶¶ 66, 49-54. It is not plausible that Mr. Almunia would *contradict* his

---

[6] *See* Dunne Decl. Ex. A ¶¶ 10, 12, 13, 15, 18, 20, 34 (EC Decision describes and accepts Microsoft's written submissions to the EC).

[7] The EC Decision acknowledges that "Microsoft has deployed resources to conduct a thorough investigation as to the reasons for the failure to comply [with the 2009 Commitments] . . . and it has cooperated with the Commission." (Dunne Decl. Ex. A ¶ 66). Plaintiffs offer no particularized facts to the contrary.

[8] The court in *Page* relied on an earlier California decision holding that (under its interpretation of Delaware law) the test is whether a plaintiff has shown that the proposed witness possesses any "unique and unobtainable" information, or that such information would have "altered the board's decision to refuse the demand." *See Page*, 970 F.Supp.2d at 1032 (quoting *Copeland v. Lane*, No. 5:11 cv 1058 EJD, 2012 WL 4845636 (N.D. Cal. Oct. 10, 2012). This is a different and much looser standard than the showing of a bad faith "sham or pretext" that Plaintiffs acknowledged here and has not been accepted by any reported decision in Washington. In any event, Plaintiffs have alleged no particularized facts that Almunia possesses "unique and unobtainable" information or that any information he had would have altered the Microsoft Board's decision.

NOMINAL DEFENDANT MICROSOFT CORPORATION'S MOTION TO DISMISS
LEAD CASE NO: 2:14-CV-00540-JCC

- 6 -

Orrick, Herrington & Sutcliffe LLP
701 Fifth Avenue, Suite 5600
Seattle, WA 98104
TEL: 206-839-4300

own findings about "technical malfunctions as well as communication problems" and instead pin responsibility on Microsoft's directors and officers.

Finally, *Page* does not apply for the independent reason that EC regulations prohibit EC officials, like Mr. Almunia, from providing private interviews. *See* Motion at 15 n.8. Thus, in contrast to a U.S.-based investigator, the Microsoft Board could not interview EC officials because they did not have legal access to the person in charge of the investigation.

In sum, Plaintiffs here plead no particularized facts to demonstrate that an interview of Mr. Almunia would have added material facts to the DRC's investigation about director and officer liability, and they articulate no legal basis to show either that it would have been permitted under EC rules or that Mr. Almunia would have agreed to an interview. In light of the broad discretion afforded boards in selecting witnesses for interviews, Plaintiffs provide no plausible basis to form a reasonable doubt as to whether the DRC's investigation was a sham or pretext.

### D.  Microsoft Never "Admitted" That Its Directors and Officers Breached Their Fiduciary Duties.

Plaintiffs contend that the Board could not, in good faith, deny their demand because Microsoft had already "accepted full responsibility," and thereby admitted that the Individual Defendants breached their fiduciary duties. Opp. at 20-22. To make this leap of logic, Plaintiffs ignore both the context of Microsoft's statement and its actual words. Microsoft's March 6, 2013 press release stated that, "[w]e take full responsibility *for the technical error* that caused this problem and have apologized for it." Compl. ¶56 (emphasis added). Plaintiffs offer no explanation for how a *corporation's* acceptance of responsibility for a technical error can become an *officer's or directors'* admission of liability. They also allege no particularized facts showing that the Individual Defendants had personal knowledge of, involvement in, or culpability in the event.

Plaintiffs allege that the Board attempted to "insulate" this decision from review by failing to provide Plaintiffs with its written report on the investigation. Compl. ¶¶ 11, 18.

NOMINAL DEFENDANT MICROSOFT CORPORATION'S
MOTION TO DISMISS
LEAD CASE NO: 2:14-CV-00540-JCC
- 7 -

Orrick, Herrington & Sutcliffe LLP
701 Fifth Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-839-4300

1  Plaintiffs again rely on *Page*, and again, *Page* does not apply.  There, the court found reason to
2  question the Google board's good faith in rejecting a shareholder demand because the board
3  provided no explanation as to how it resolved the contradiction between its "sweeping
4  conclusion that 'no wrongdoing or culpability occurred,'" and Google's previous admission of
5  specific events and circumstances.  Opp. at 21 (citing *Page*, 970 F. Supp.2d at 1031).  IN
6  particular, Google admitted in a non-prosecution agreement with the Department of Justice
7  that it had been on notice that third-party Canadian pharmaceutical companies had been
8  illegally soliciting customers in the United States.  Google further admitted to intentional
9  misconduct, and that it had "improperly assisted Canadian online pharmacy advertisers" in
10 carrying out this illegal conduct.  Opp. at 21.

Here, in contrast, Microsoft did not "admit" to any illegal conduct, or that any officer or director possessed knowledge of such conduct.  Microsoft's acknowledgement of the technical engineering error that caused it to violate the Commitments is entirely consistent with the EC Decision's findings, and with the Board's ultimate finding that the relevant facts do not support claims against the Individual Defendants.  *See* Dunne Decl. Ex. A ¶¶ 49-54 and Ex. B at 25.  Each case must be assessed on its own facts, and Plaintiffs here have not alleged the type of particularized factual contradictions that caused the *Page* court to doubt the reasonableness of that board's investigation.

### E.    Plaintiffs Make No Showing That a Suit Is in Microsoft's Best Interests

In its Resolution, the Board explained why filing suit was not in Microsoft's best interests.  Even if Plaintiffs had met their heavy burden of demonstrating, with particularized allegations, that the DRC failed to conduct a reasonable investigation (and they have not), their Complaint would still fail because they have not shown, and cannot show, a potential benefit to Microsoft from filing claims.  In particular, Microsoft pointed out in its Motion that because it is self-insured, Microsoft would be required to indemnify the Directors and thus pay *itself*, while also paying all parties' attorneys' fees, even if it pursued breach of duty claims to a

NOMINAL DEFENDANT MICROSOFT CORPORATION'S
MOTION TO DISMISS
LEAD CASE NO: 2:14-CV-00540-JCC
- 8 -
Orrick, Herrington & Sutcliffe LLP
701 Fifth Avenue, Suite 5600
Seattle, WA 98104
Tel: 206-839-4300

1 successful judgment. Motion at 7; *see* Compl. Ex. B at 3. In their opposition, Plaintiffs
2 concede that indemnification and exculpation provisions support dismissal of claims based
3 solely on breaches of the duty of care. Opp. at 29-30. Their contention that breaches of other
4 duties cannot be exculpated is moot because the Complaint does not sufficiently allege other
5 breaches. *See* Individual Defendants' Motion to Dismiss at 9-13. Plaintiffs do not dispute the
6 legal effect of the director indemnification provisions, and they also offer no response to the
7 other justifications the Resolution provides for why accepting Plaintiffs' demand was not in
8 the corporation's best interests. *See* Motion at 7; *see* above at 4. In sum, Plaintiffs have
9 provided no rationale to question the Board's business judgment.

## III.  CONCLUSION

To borrow a phrase Plaintiffs are fond of repeating, nothing in their Complaint or opposition "inspires confidence" that Microsoft and its shareholders would be well served if the Court were to reject the business judgment presumption and delegate to these Plaintiffs the Board's authority to determine what is in the Company's best interests. For the reasons stated above and in its Motion, Microsoft respectfully requests that the Court dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure. Plaintiffs have not explained how they could overcome the fatal deficiencies in the Complaint, so dismissal should be with prejudice.[9]

---

[9] *See In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 991 (9th Cir. 1999) (leave to amend denied because plaintiff did not identify additional facts to cure defects in complaint).

NOMINAL DEFENDANT MICROSOFT CORPORATION'S
MOTION TO DISMISS
LEAD CASE NO: 2:14-CV-00540-JCC
- 9 -
Orrick, Herrington & Sutcliffe LLP
701 Fifth Avenue, Suite 5600
Seattle, WA 98104
TEL: 206-839-4300

| | | |
|---|---|---|
| 1 | Dated: October 30, 2014 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 2 | | |
| 3 | | By: /s/ Daniel J. Dunne<br>  /s/ George E. Greer<br>  /s/ Charles Ha |
| 4 | | George E. Greer (WSBA No. 11050)<br>Daniel J. Dunne  (WSBA No. 16999) |
| 5 | | Charles J. Ha (WSBA No. 34430)<br>ggreer@orrick.com |
| 6 | | ddunne@orrick.com<br>charlesha@orrick.com |
| 7 | | 701 5th Avenue, Suite 5600 |
| 8 | | Seattle, Washington 08104-7079<br>Telephone:  +1-206-839-4300 |
| 9 | | Facsimile:  +1-206-839-4301 |
| 10 | | *Attorneys for Nominal Defendant Microsoft Corporation* |

NOMINAL DEFENDANT MICROSOFT CORPORATION'S
MOTION TO DISMISS
LEAD CASE NO: 2:14-CV-00540-JCC

- 10 -

**Orrick, Herrington & Sutcliffe LLP**
701 Fifth Avenue, Suite 5600
Seattle, WA  98104
Tel: 206-839-4300