THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIM BAROVIC,<br><br>    Plaintiff,<br><br>  v.<br><br>STEVEN A. BALLMER,<br><br>    Defendant. | CASE NO. C14-0540 JCC<br><br>ORDER PRELIMINARILY APPROVING SETTLMENT AND PROVIDING FOR NOTICE |

This matter comes before the Court on Plaintiffs' unopposed motion for preliminary approval of derivative settlement (Dkt. No. 95). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

WHEREAS, Plaintiffs in the above-captioned consolidated shareholder derivative action (the "Action") have made an application for an order: (i) preliminarily approving the proposed Settlement of the Action, in accordance with the Stipulation and Agreement of Settlement dated October 28, 2015 (the "Stipulation") (Dkt. No. 96-1), which, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed Settlement and dismissal with prejudice of the Action, upon the terms and conditions set forth therein; and (ii) approving the form and content of notice of the pendency of the Action and proposed Settlement to Current Microsoft Shareholders;

1  WHEREAS, unless otherwise defined herein, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation; and

WHEREAS, the Court has read and considered the Stipulation and the exhibits attached thereto.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2. The Settlement Hearing shall be held before the Court on January 5, 2015 at 9 a.m. to determine: (i) whether the terms and conditions of the Settlement set forth in the Stipulation are fair, reasonable, and adequate to Microsoft and Current Microsoft Shareholders and should be finally approved by the Court; (ii) whether a Final Order and Judgment approving the Settlement, substantially in the form attached to the Stipulation as Exhibit E, should be entered; and (iii) whether to approve Microsoft's payment of the Agreed Fee to Plaintiffs' Counsel.

3. The Court approves, as to form and content, the Notice, attached as Exhibit C to the Stipulation, and the Summary Notice, attached as Exhibit D to the Stipulation, and finds that the posting of the Notice and publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order meets the requirements of Fed. R. Civ. P. 23.1 and due process, and constitutes due and sufficient notice of all matters relating the Settlement to all Persons entitled to such notice.

4. No later than seven (7) business days following entry of this Order:

(a) Microsoft shall cause the Notice, substantially in the form attached to the Stipulation as Exhibit C, to be posted on Microsoft's corporate website.

(b) Microsoft shall cause the Notice, substantially in the form attached to the Stipulation as Exhibit C, to be filed with the SEC via a Current Report on Form 8-K.

ORDER PRELIMINARILY APPROVING
SETTLMENT AND PROVIDING FOR NOTICE
PAGE - 2

1         (c)    Microsoft shall cause the Summary Notice, substantially in the form attached to the Stipulation as Exhibit D, to be published one time in the *Investor's Business Daily*.

5.    No later than seven (7) calendar days prior to the Settlement Hearing, Microsoft shall file with the Court and serve on Plaintiffs' Counsel proof, by affidavit or declaration, of compliance with the notice procedures set forth in this Order.

6.    Any and all Notice Costs shall be paid by Microsoft, regardless of whether the Court finally approves the Settlement or the Effective Date fails to occur, and in no event shall Plaintiffs or Plaintiffs' Counsel be responsible for the payment of any Notice Costs.

7.    All papers in support of the Settlement and the Agreed Fee shall be filed with the Court and served no later than twenty-one (21) calendar days prior to the Settlement Hearing and any reply papers shall be filed with the Court no later than seven (7) calendar days prior to the Settlement Hearing.

8.    Any Current Microsoft Shareholder who continues to own Microsoft common stock through the date of the Settlement Hearing may file a written objection to the Settlement and/or to the payment of the Agreed Fee to Plaintiffs' Counsel and appear and show cause, if he, she or it has any cause, why the Settlement and/or the Agreed Fee should not be approved; *provided, however*, that, unless otherwise directed by the Court for good cause shown, no such person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement and/or the payment of the Agreed Fee to Plaintiffs' Counsel unless that person or entity has filed a written objection with the Clerk of the Court and served copies of such objection on representative counsel for Plaintiffs and Defendants at the addresses set forth below such that they are received no later than fourteen (14) calendar days prior to the Settlement Hearing.

| Representative Plaintiffs' Counsel | Representative Defendants' Counsel |
|---|---|
| Robert B. Weiser | Daniel J. Dunne |

ORDER PRELIMINARILY APPROVING
SETTLMENT AND PROVIDING FOR NOTICE
PAGE - 3

| | |
|---|---|
| THE WEISER LAW FIRM, P.C. | ORRICK, HERRINGTON, & SUTCLIFFE LLP |
| 22 Cassatt Avenue, First Floor | 701 5th Avenue, Suite 5600 |
| Berwyn, PA 19312 | Seattle, WA 98104-7079 |

9. Any objection: (a) must state the name, address and telephone number of the person or entity objecting and, if represented by counsel, the name, address and telephone number of his, her or its counsel; (b) must be signed by the shareholder; (c) must contain a written, specific statement of the shareholder's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the shareholder wishes to bring to the Court's attention; (d) must state that the objection is being filed with respect to "*Barovic v. Ballmer, et al.*, Lead Case No: 2:14-cv-00540-JCC"; and (e) must include documentation sufficient to prove that the shareholder held shares of Microsoft common stock as of the close of business on October 28, 2015 and continues to hold such shares.

10. Any Current Microsoft Shareholder who wishes to be heard orally at the hearing in opposition to the approval of the Settlement and/or the Agreed Fee must also file a notice of appearance with the Clerk of the Court and serve it on Representative Plaintiffs' Counsel and Representative Defendants' Counsel at the addresses set forth above so that it is received no later than fourteen (14) calendar days prior to the Settlement Hearing. Shareholders who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Any person appearing at the Settlement Hearing must present at the hearing documentation sufficient to prove that the shareholder continues to hold shares of Microsoft common stock as of the date of the hearing.

11. Unless otherwise ordered by the Court, any Current Microsoft Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object and shall forever be barred from raising any objections to the Settlement and/or the Agreed Fee, or any other matter related to the Settlement, in the Action or

ORDER PRELIMINARILY APPROVING
SETTLMENT AND PROVIDING FOR NOTICE
PAGE - 4

in any other action or proceeding, but shall otherwise be bound by the Final Order and Judgment to be entered and the Releases to be given.

12. All Current Microsoft Shareholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Microsoft Shareholders.

13. All proceedings in this Action, other than those relating to the Settlement itself, are hereby stayed until further Order of the Court. Pending final determination of whether the Settlement should be approved, Plaintiffs and all other Current Microsoft Shareholders are hereby barred and enjoined from commencing or prosecuting, derivatively on behalf of Microsoft, any of the Plaintiffs' Released Claims against any of the Defendants' Released Persons.

14. Neither the Stipulation (whether or not consummated), including the exhibits thereto, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (i) shall be offered against any of the Defendants' Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Released Persons with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Released Persons or in any way referred to for any other reason as against any of the Defendants' Released Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the Settlement; or (ii) shall be offered against any of the Plaintiffs' Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Released Persons that any of Plaintiffs' claims are without merit, that any of the

Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement consideration or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Released Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the Settlement; provided, however, that the Parties, the Released Persons, and their respective counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. The Court reserves the right to adjourn the date of the Settlement Hearing, or any adjournment thereof, or modify any other dates set forth herein without further notice to Current Microsoft Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current Microsoft Shareholders.

DATED this 24 day of November 2015.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE